| | |
|---|---|
| 1 | BRIAN S. KABATECK, SBN 152054 |
| 2 | RICHARD L. KELLNER, SBN 171416 (rlk@kbklawyers.com)<br>REZA SINA, SBN 250428 |
| 3 | KABATECK BROWN KELLNER LLP<br>644 South Figueroa Street |
| 4 | Los Angeles, California 90017<br>Tel: (213) 217-5000 |
| 5 | Fax: (213) 217-5010 |
| 6 | Attorneys for Plaintiff<br>JACK COCHRAN, on Behalf of |
| 7 | Himself and All Others Similarly<br>Situated |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK COCHRAN, an individual, on Behalf of Himself and All Others Similarly Situated, as Well as on Behalf of the General Public and Acting in the Public Interest,<br><br>Plaintiff,<br><br>vs.<br><br>WASHINGTON MUTUAL BANK, a Washington Corporation; and Does 1-10, inclusive,<br><br>Defendants. | Case No.  C 07-06413 HRL<br><br>**NOTICE OF VOLUNTARY DISMISSAL OF CLASS ACTION COMPLAINT WITHOUT PREJUDICE**<br><br>**(Fed . R. Civ. P. 41(a)(1))** |

**NOTICE OF VOLUNTARY DISMISSAL (Fed. R. Civ. P. 41(a)(1))**

1  Pursuant to Federal Rules of Civil Procedure, Rule 41(a)(1), Plaintiff Jack Cochran, individually and as representative of an *uncertified class*, by and through his counsel, hereby dismisses this Action in its entirety without prejudice. *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.").[1]

Dated: April 9, 2008                           KABATECK BROWN KELLNER LLP


                                               By:__/s/ Richard L. Kellner
                                                   RICHARD L. KELLNER
                                                   Attorneys for Plaintiff

---

[1] Some confusion remains as to whether court approval is necessary for a voluntary dismissal of an uncertified class action. As a result, in 2003, the legislature amended Fed. R. Civ. Pro. 23(e)(1) to clarify that court approval is only necessary for dismissal or compromise of a *certified* class action. Indeed, the legislative history of the statute provides:
> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. See Manual for Complex Litigation Third, § 30.41. **The new rule requires approval only if the claims, issues, or defenses of a <u>certifed class</u> are resolved by a settlement, voluntary dismissal, or compromise**. (Emphasis added.)

— 2 —
**NOTICE OF VOLUNTARY DISMISSAL (Fed. R. Civ. P. 41(a)(1))**